*NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RONNIE LYLES, | Civ. No. 24-8270 (RMB-MJS) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| REV. PHILLIP A. HARDEN, et al., | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about August 2, 2024, Plaintiff Ronnie Lyles, a state prisoner incarcerated in South Woods State Prison ("SWSP") in Bridgeton, New Jersey filed a *pro se* civil rights complaint. Compl., Dkt. No. 1.

2. Plaintiff submitted an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), Dkt. No. 1-2, which establishes his financial eligibility to proceed without prepayment of the filing fee and will be granted.

3. The Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

5. The defendants to the complaint are Phillip A. Harden, Supervisor of Religious Services at SWSP, and Anthony Degner, Acting Administrator of SWSP.

6. Plaintiff alleges the following facts in his complaint. On May 30, 2024, Plaintiff was transferred from Bayside State Prison[1] to South Woods State Prison. Compl, Dkt. No. 1 at 5. When Plaintiff received his property after the transfer, all of his Native American religious items were missing. *Id.* Plaintiff alleges Defendants Harden and Degner denied him possession of his religious ceremonial items and deprived him of certain religious practices, including but not limited to, wearing a religious head covering and medallion, smudging, and use of a medicine bag, prayer pipe and sweat lodge. Plaintiff's claims under the First Amendment Free Exercise

---

[1] The Court assumes "BSP" refers to Bayside State Prison.

Clause and Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et. seq.* ("RLUIPA") may proceed against Defendants.

An appropriate order follows.

Dated: **February 18, 2025**

<u>Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge
